**Raymond A. BRIEST, Appellant,**

v.

**UNITED STATES BUREAU OF PRISONS et al., Appellee.**

**No. 71–1674.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1972.

Decided May 12, 1972.

Raymond Briest, pro se.

Robert G. Renner, U. S. Atty., and Joseph M. Livermore, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before BREITENSTEIN,* BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Raymond A. Briest appeals from the district court's denial of his § 2255 petition. Briest asserts that the district court erred in determining that the United States Bureau of Prisons properly computed the amount of time he must serve on two consecutive sentences. We affirm.

On August 28, 1968, appellant began serving a parole violator sentence of 1,012 days, the remainder of an original five year sentence, at the Federal Correctional Institute, Sandstone, Minnesota. On July 24, 1969, he was sentenced to serve three years for a separate offense, this sentence to run consec- utively to the parole-violator sentence. Initially, in computing appellant's good time credit, the Correctional Institute did not aggregate the two consecutive sentences. Later, on instructions from the Bureau of Prisons, the Correctional Institute recomputed[1] the good time credit under 18 U.S.C. § 4161, using the aggregate of the two consecutive sentences as a basis.[2]

On the recomputation, appellant's mandatory release date was moved back to an earlier date, but his full term release date was moved forward to a later date. As a result, appellant became entitled to an earlier mandatory release on parole, but his parole-release date was extended. Briest's complaint on this appeal relates to the extension of his parole-release date. He asserts that the Bureau of Prisons is not authorized to extend the parole-release date by aggregating consecutive sentences.

We take a contrary view. The controlling statute, 18 U.S.C. § 4161, provides in pertinent part:

> When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the [good time] deduction shall be computed.

This section has been consistently interpreted to mean that consecutive sentences are to be treated as a single term in computing good time credit. E.g. Downey v. Taylor, 327 F.2d 660, 661 (10th Cir. 1964); Grant v. Hunter, 166 F.2d 673, 674 (10th Cir. 1948); see Pagliaro v. Cox, 143 F.2d 900, 901 (8th

---

* Of the Tenth Circuit, sitting by designation.

1. The recomputation of appellant's sentence was prompted by a policy change in the Bureau of Prisons. See Bureau of Prisons Policy Statement 7600.54 (Dec. 22, 1970). Prior to the policy change, the Bureau did not aggregate parole-violator sentences with separate consecutive sentences in computing good time credit. The Bureau changed its policy in response to a decision by Judge Collinson of the Western District of Missouri, Ralph S. Wright v. Record Clerk, Medical Center for Federal Prisoners, No. 17137–2 (W.D.Mo., March 14, 1969), unreported.

2. On the recomputation, the Correctional Institute gave Briest good time credit at the rate of eight days per month on both the 1,012 day sentence and the three-year sentence. On the initial computation, the Correctional Institute had given Briest good time credit at the rate of seven days per month on the three-year sentence.

Cir. 1944). When consecutive sentences are treated as a single term the prisoner benefits because he receives the maximum rate of good time credit on his sentences.[3] He thus becomes eligible for an earlier mandatory release on parole.[4] At the same time, however, the prisoner's parole-release date is automatically extended because the good time credit earned by the prisoner will be served as parole time after release from prison. Appellant's argument that the good time earned on his first sentence should be deemed to have run while he remained in custody on the second sentence does not accord with 18 U.S.C. § 4164, which provides:

A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody.

This section plainly requires good time credit to be served as parole time *after* release from prison.

■ Appellant also complains that the initial mistake in computing his good time credit resulted in the denial of an early parole hearing. Even if we assume that appellant was entitled to this parole hearing, he has failed to show that he suffered any prejudice from the denial of a hearing. A hearing was held on April 17, 1971, more than four months after the recomputation of appellant's good time credit. At this hearing, parole was denied.

Affirmed.

3. 18 U.S.C. § 4161 provides:
   Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:
   Five days for each month, if the sentence is not less than six months and not more than one year.
   Six days for each month, if the sentence is more than one year and less than three years.
   Seven days for each month, if the sentence is not less than three years and less than five years.
   Eight days for each month, if the sentence is not less than five years and less than ten years.
   Ten days for each month, if the sentence is ten years or more.

When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.
*See* note 2, *supra*.

4. 18 U.S.C. § 4163 provides:
   Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. If such release date falls upon a Saturday, a Sunday, or on a Monday which is a legal holiday at the place of confinement, the prisoner may be released at the discretion of the warden or keeper on the preceding Friday. If such release date falls on a holiday which falls other than on a Saturday, Sunday, or Monday, the prisoner may be released at the discretion of the warden or keeper on the day preceding the holiday.