William SCHOFFNER

v.

UNITED STATES BOARD OF PAROLE.

No. 75–691 Civ.

United States District Court,
M. D. Pennsylvania.

March 2, 1976.

William Schoffner, pro se.

S. John Cottone, U. S. Atty., Scranton, Pa. by Joseph Cimini, Asst. U. S. Atty., Lewisburg, Pa., and Harry Nagle, Asst. U. S. Atty., Scranton, Pa., for United States Board of Parole.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Petitioner, presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, seeks a writ of habeas corpus contending that the law has been improperly applied to the facts in regard to the method by which his statutory good time credits have been computed by prison authorities. In addition, petitioner challenges the alleged failure of the United States Board of Parole to execute a mandatory release violator's warrant, which is presently filed against petitioner as a detainer. The pertinent facts are as follows.

On September 16, 1965, petitioner was sentenced in the Southern District of Mississippi to a term of five years for the offense of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. On February 17, 1966, petitioner was sentenced in the Northern District of Georgia to a term of one year, to run consecutive to the 1965 sentence, for the offense of interstate transportation of forged securities in violation of 18 U.S.C. § 2314. On September 29, 1967, petitioner was sentenced in the Western District of Missouri to two concurrent terms of five years each, to run consecutive to the sentences imposed in 1965 and 1966, for the offenses of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and unlawful escape from a federal penitentiary in violation of 18 U.S.C. § 751.

The one-year and two five-year sentences were aggregated by prison authorities for the purpose of computing petitioner's mandatory release date.[1] Under this method of

---

1. 18 U.S.C. § 4161 provides in pertinent part: "Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, . . . shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows: . . . Six days for each month, if the sentence is more than one year and less than three years . . . Eight days for each month, if the sentence is not less than five

computation, petitioner was credited with a total of 1541 days,[2] and, pursuant to the provisions of 18 U.S.C. § 4164, petitioner was released from confinement on February 20, 1973.

On August 13, 1974, petitioner was arrested in Elmira, New York on state charges involving the theft of a motor vehicle. This arrest resulted in the lodging of federal charges, and on September 20, 1974, the United States Board of Parole issued a mandatory release violator's warrant. 28 C.F.R. § 2.49. Petitioner was subsequently convicted in the Western District of New York, again for the offense of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312, and on December 16, 1974, was sentenced to serve a four-year term of imprisonment. The unexecuted mandatory release violator's warrant remains filed against petitioner as a detainer.

Petitioner contends that the prison authorities are incorrect in their calculation that he has 1541 days remaining to be served. It is petitioner's belief that he was required to serve all of his 1965 and 1966 sentences prior to beginning his 1967 sentence and, therefore, when mandatorily released on February 20, 1973, could only have been charged with good time service as computed on the five-year 1967 sentence standing alone, which he computes to be 480 days. The Court does not agree.[3]

■ Under the applicable law, 18 U.S.C. § 4161, Bureau of Prisons Policy Statement 7600.54A, and the case law interpreting such, prison officials aggregate multiple sentences. *Trimmings v. Henderson,* 498 F.2d 86 (5th Cir. 1974); *Briest v. United States Bureau of Prisons,* 459 F.2d 284 (8th Cir. 1972); *McFarland v. United States,* 408 F.2d 376 (5th Cir. 1969); *Desmond v. U. S. Board of Parole,* 397 F.2d 386 (1st Cir. 1968); *Gregory v. United States,* 297 F.2d 80 (10th Cir. 1961). The purpose of such aggregation is to allow inmates the benefit of accumulating statutory good time at the highest possible rate. To compute sentences separately would result in the inmate serving additional time in prison since he would accumulate less good time. *Briest,* supra, at 286. Consequently, the Court finds no merit to the contention that the aggregation of the sentences for the purpose of computing good time credits was illegal.

■ Although he is not contesting the lawfulness of the lodging of the mandatory release violator's warrant as a detainer, petitioner challenges that detainer on the ground that respondents have failed to execute within a reasonable time after its issuance the underlying mandatory release violator's warrant. While it is, of course, true that the Parole Board has a duty to

---

years and less than ten years . . . Ten days for each month, if the sentence is ten years or more.

"*When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.*" (Emphasis supplied.)

2. Petitioner was sentenced to a total of eleven (11) years. Having commenced serving his sentence on September 16, 1965, his full term would, therefore, have expired on August 13, 1976, taking into consideration 33 days of credit for time incarcerated prior to commencement of his sentences. However, since petitioner had escaped from prison for a period of 271 days, his full term date was extended to May 11, 1977. The petitioner was released on February 20, 1973, exactly 1541 days prior to the scheduled expiration date. The figure of 1541 was computed by combining petitioner's statutory good time under 18 U.S.C. § 1461 of 1320

days (10 days per month × 12 months × 11 years) with the 221 extra good time days which petitioner earned under 18 U.S.C. § 4162.

3. Petitioner insists that the language employed in the 1967 Judgment of the Western District of Missouri,

"(s)entence imposed herein to commence upon unconditional release of defendant from sentences of imprisonment now being served,"

compels the Court to find the Bureau of Prisons Sentence Computation to be in error. The argument is specious, at best. The Court's interpretation is in accord with that of the prison officials. The intention of the sentencing court as expressed in the above-quoted language was to emphasize the fact that the sentence was to be served consecutively, not concurrently. Such an interpretation is to the prisoner's benefit insofar as computation of good time credit is concerned. See Note 1, supra.

execute a warrant without delay, *Simon v. Moseley,* 452 F.2d 306 (10th Cir. 1971), it is well settled that "where a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence." (citations omitted) *Stockton v. Massey,* 34 F.2d 96, 97 (4th Cir. 1929), cert. denied, 281 U.S. 723, 50 S.Ct. 239, 74 L.Ed. 1141 (1930); *Gaddy v. Michael,* 519 F.2d 669 (4th Cir. 1975); *United States ex rel. Blassingame v. Gengler,* 502 F.2d 1388 (2d Cir. 1974); *Small v. Britton,* 500 F.2d 299, at 301 (10th Cir. 1974); *Trimmings v. Henderson,* supra, at 87; *Cook v. United States Attorney General,* 488 F.2d 667, at 671 (5th Cir. 1974); *Vladovic v. Parker,* 455 F.2d 495, at 496 (9th Cir. 1972); *Barr v. Parker,* 453 F.2d 865, at 867 (9th Cir. 1971); *Cox v. Feldkamp,* 438 F.2d 1, at 3 (5th Cir. 1971); *Moore v. Smith,* 412 F.2d 720 (7th Cir. 1969).

It should also be noted, as the court in *Cook,* supra, at 671–672, emphasized, that "where the parole revocation hearing is deferred pending service of the intervening sentence, the parolee is not left without notice of the issuance of the violator's parole warrant nor *review of the propriety of its continued existence as a detainer.*" (emphasis supplied) The parolee or mandatory releasee (as is the case here) is afforded the right to apply for a dispositional interview at the federal prison . . . at which time the continued propriety of the detainer may be challenged under the provisions of the Parole Board's own regulations as found in 28 C.F.R. § 2.53(a).

Finally, the Court notes that not only has petitioner failed to establish that the delay in execution of the warrant is unreasonable, but he does not indicate, in any way, that the delay is prejudicial. *Gaddy,* supra, at 673. A mere showing of delay, without more, does not constitute a violation of due process. *Shelton v. United States Board of Parole,* 128 U.S.App.D.C. 311, 388 F.2d 567 (1967). Delay "is but one element, albeit a forceful one, to be considered. Timely objection to the delay, unavailability of witnesses, lost sources of mit-

igating evidence, the violator's own conduct as a contributing cause of the delay, and the Parole Board's reasons for the delay are factors which also must weigh in the balance" when determining whether there has been delay and whether there has been prejudice. *United States v. Kenton,* 262 F.Supp. 205, 209 (D.C.Conn.1967). *See also Agresti v. Parker,* 285 F.Supp. 893, 897 (D.C.Pa.1968).

Accordingly, since the petitioner has failed to establish (a) the alleged illegal computation of his good time credit, (b) a delay in the execution of the mandatory release violator's warrant which could be deemed contrary to the law or unreasonable in length, or (c) that he has been prejudiced or has suffered a "grievous loss" as a result of the detainer being held in abeyance, the petition will be denied and the case dismissed.