**UNITED STATES PAROLE COMMIS-SION, Plaintiff–Appellee,**

v.

**George E. VIVEROS, Defendant–Appellant.**

**No. 88–4019.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1989.

Decided May 12, 1989.

Nancy Shaw, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

James L. Swartz, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before HUG, NORRIS and THOMPSON, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Federal narcotics laws provide that when someone is incarcerated for a drug offense, he must receive a three-year term of "special parole." 21 U.S.C. § 841(b)(1) (1970). A special parole is a period of supervision added on to the prison sentence imposing obligations on the defendant, violation of which leads to mandatory imprisonment for a term equal to the entire special parole period. 21 U.S.C. § 841(c) (1970). The narcotics laws also require that special parole be imposed in addition to any regular parole terms:

> A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law.

21 U.S.C. § 841(c) (1970). The question presented in this case is whether § 841(c) requires that special parole for a drug offense be served subsequent to a regular parole for a *different* offense. We conclude that it does.

## FACTS

In 1971, Viveros was sentenced for drug peddling to three years' imprisonment followed by three years' special parole. In 1972, he was sentenced to five years' imprisonment on a conspiracy conviction. The sentences were to be served concurrently beginning in 1973.

After 34 months of prison, Viveros was released on parole in 1976.[1] His parole was revoked in 1979, but he was reparoled in 1982 with termination of parole set for February 1984.

In August 1985, Viveros committed an assault and was arrested and imprisoned for parole violation. The Commission took the position that Viveros was still under special parole in 1985, because his special parole term on the drug peddling conviction did not begin running until he completed his regular parole term on the conspiracy conviction.

Viveros brought a habeas corpus petition under 28 U.S.C. § 2254, claiming that in 1985 he was no longer under any parole and hence could not be imprisoned for parole violation. His petition was denied, and this appeal followed.

## ANALYSIS[2]

Viveros' position is that the special parole on the peddling charge and the regular parole on the conspiracy charge began to run concurrently when he was released from prison in 1976. By the time of the 1984 parole termination date assigned by the Commission, he argues, he had completed the three years' special parole, and therefore was no longer subject to its terms when he committed the 1985 assault.

In his recommendation, which was adopted by the district court, the magistrate held that Viveros' special parole term on the peddling conviction did not run concurrently with the regular parole term on the conspiracy conviction, but rather began to run only after the regular parole term was completed in 1984. The magistrate held that the plain language of § 841(c) requires that special parole terms begin

---

1. Thus, all but two months of the peddling sentence was served at the time of Viveros' release. His regular parole on the peddling conviction was at most two months long.

2. This case presents a pure question of law, which we review *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

only after other parole terms have been completed.

We agree with the magistrate. On its face, § 841(c) commands that special parole terms be served in addition to, and not concurrently with, any other parole terms. The language could not be clearer:

> A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law.

21 U.S.C. § 841(c).

According to appellant, § 841(c) does not apply to parole terms for offenses other than the drug offense for which special parole is given. Rather, he argues that the statute only applies when a drug offender is given both a regular parole and a special parole for the same drug offense. However, the statute contains no such limitation. Under appellant's interpretation of the statute, "any other parole" means "any other parole *for the same drug offense.*" We simply fail to see how the italicized language can be read into the statute.

Appellant also argues that the general parole provision contained in 18 U.S.C. § 4210(d) requires that his special parole and regular parole run concurrently. That provision reads:

> The parole of any parolee shall run concurrently with the period of parole or probation under any other federal, state or local sentence.

18 U.S.C. § 4210(d), *repealed,* Pub.L. 98–473, Title II, §§ 218(a)(5), 235, Oct. 12, 1984, 98 Stat. 2027, 2031. By its own terms, this statute governs only regular paroles: it explicitly states that regular paroles shall run concurrently. It does not address the "special parole" term provided for by the narcotics laws. Accordingly, we do not think § 4210(d) limits or repeals § 841(c)'s specific command that special paroles be served "in addition to, and not in lieu of, any other parole provided for by law."

The judgment is AFFIRMED.