**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY WAYNE QUALLS,

Defendant-Appellant.

No. 96-7129
(D.C. No. 96-CV-375-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Larry Wayne Qualls, appearing pro se and proceeding in forma pauperis, requests a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We conclude Qualls is not entitled to a certificate of appealability and dismiss the appeal.

Qualls was indicted by federal grand jury on September 16, 1982, for drug conspiracy in violation of 21 U.S.C. § 846 (Count 1), distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2), distribution of a Schedule III controlled substance in violation of § 841(a)(1) (Count 3), and distribution of a Schedule II controlled substance in violation of § 841(a)(1) (Count 4). He pled guilty to Counts 1, 3, and 4. On November 29, 1982, Qualls was sentenced to concurrent terms of twelve years' imprisonment on Count 1, three years' imprisonment plus six years' special parole on Count 3, and three years' imprisonment plus three years' special parole on Count 4. Qualls' concurrent terms of special parole began on December 9, 1992. On August 9, 1995, Qualls was arrested for violating the terms of his special parole and the terms of special parole were subsequently revoked. He is currently imprisoned and is allegedly scheduled to be released in February 1998.

Qualls filed his § 2255 motion on August 2, 1996, alleging his special parole terms, which began to run upon release from incarceration, were illegal because, according to Qualls, they were to run concurrently with and expire prior

to completion of his twelve-year incarceration for Count 1. Qualls contended requiring him to serve the special parole terms after completion of his incarceration violated his constitutional rights. Specifically, Qualls argued the special parole terms were cruel and unusual punishment, they violated his due process rights, they denied him equal protection under the law, and they exposed him to double jeopardy. In addition, he argued his defense counsel was ineffective for failing to object at the time of sentencing to Qualls being required to serve such special parole terms upon completion of his confinement.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a § 2255 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(B). A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that the standard for granting a certificate of appealability under the Act is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions

presented are deserving of further proceedings.  See Barefoot, 463 U.S. at 893 n.4.

All of Qualls' arguments hinge upon his mistaken belief that, because the district court ordered his sentences on Counts 1, 3, and 4 to run concurrently, the special terms of parole would begin to run and expire prior to the end of his period of incarceration on Count 1.  A special term of parole can only be served after completion of incarceration and any term of regular parole.  See Fowler v. United States Parole Com'n, 94 F.3d 835, 840 (3d Cir. 1996) (noting special parole follows term of imprisonment while regular parole entails release before term of imprisonment expires); Evans v. United States Parole Com'n, 78 F.3d 262, 263 (7th Cir. 1996) (same); Mastrangelo v. United States Parole Com'n, 682 F.2d 402, 404 (2d Cir.) (noting mandatory term of special parole "is designed to test the offender's ability to lead a lawful life in the community," and is thus in addition to, not part of or in lieu of, original sentence), cert. denied 459 U.S. 866 (1982).  Despite Qualls' attempts to argue such a result renders his sentences consecutive rather than concurrent, we are not convinced.  Had his sentences been consecutive, he would have been required to serve eighteen years' imprisonment, followed by nine years' special parole.[1]  As it stands, Qualls was only required to serve twelve years' imprisonment (modified by regular parole), followed by six

_____

[1] Qualls also pled guilty to other drug-related crimes in 1982.  If those sentences had also been imposed consecutively, his period of incarceration, as well as his term of special parole, would have been even greater.

years' special parole. The fact that he is again incarcerated is the result of violation of the conditions of special parole.

Imposition of a longer term of imprisonment on Count 1 (the drug conspiracy charge) than those imposed on Counts 3 and 4 did not convert the special parole terms into part of the sentence imposed on Count 1. See United States v. Jack, 686 F.2d 226, 230 (5th Cir. 1982) (affirming imposition of five-year special parole term following two consecutive five-year sentences for possession of and conspiracy to possess phenyl-2-propanone with intent to manufacture methamphetamine); United States v. Perez, 648 F.2d 219, 221 (5th Cir.) (similar), cert. denied, 454 U.S. 1055 (1981); United States v. Wylie, 625 F.2d 1371, 1382 (9th Cir. 1980) (similar), cert. denied 449 U.S. 1080 (1981). Thus, Qualls' sentence does not violate Bifulco v. United States, 447 U.S. 381 (1980) (prohibiting imposition of special parole term as part of drug conspiracy sentence). See United States v. Quintana, 673 F.2d 296, 298 (10th Cir.), cert. denied 457 U.S. 1135 (1982).

Qualls' ineffective assistance of counsel claim also fails. To prevail, Qualls must demonstrate his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance was so prejudicial "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington,

466 U.S. 668, 694 (1984). Because none of Qualls' substantive arguments concerning his sentence have merit, it is apparent that counsel's failure to raise such arguments at the time of sentencing was neither deficient nor prejudicial to Qualls.

The application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge