United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3069

_____

Arnold R. Huskey,                                 *
                                                  *
            Appellant,                            *
                                                  * Appeal from the United States
      v.                                          * District Court for the Western
                                                  * District of Missouri.
P. W. Keohane, Warden, United States              *
Medical Center for Federal Prisoners,             *          [UNPUBLISHED]
                                                  *
            Appellee.                             *

_____

Submitted:  December 26, 1997
Filed:  January 6, 1998

_____

Before  FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 1978, Arnold Huskey was sentenced by a federal court to a twenty-year prison term for kidnapping.  He escaped from prison in 1984 and committed murder in Oregon.  An Oregon court sentenced him to life imprisonment, to be served consecutively to the federal sentence.  In 1985, a federal court sentenced Huskey for the escape to a five-year prison term, running consecutively to the first federal sentence.  In 1988, Huskey pleaded guilty to committing mail fraud in 1985 and 1986, and a federal court sentenced him to a consecutive five-year term.  Pursuant to Oregon's law, Huskey's state sentence began running concurrently with his federal sentences in 1991.

The Bureau of Prisons (BOP) later aggregated Huskey's three federal sentences. Huskey challenged the aggregation of his mail-fraud sentence in two similar petitions for writ of mandamus. The District Court[1] consolidated the cases, construed the petitions as 28 U.S.C. § 2241 petitions, and dismissed them without prejudice, finding that Huskey's claims lacked merit. On appeal, Huskey seeks to prevent the BOP from aggregating his mail-fraud sentence with his other two federal sentences. He also has filed a motion to strike the government's brief and a motion requesting an expedited appeal. We deny those motions, and affirm the District Court's judgment.

As Huskey is challenging the execution of his sentence, the District Court correctly construed his petitions as § 2241 petitions. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 & n.4 (D.C. Cir. 1988) (en banc) (holding § 2241 was exclusive remedy for claim that authorities failed to properly aggregate consecutive sentences in determining parole eligibility, and noting efficacy of habeas precludes mandamus).

Because the Oregon sentence is running concurrently with Huskey's aggregated federal sentence, aggregation gives him maximum credit toward service of all his sentences. Contrary to Huskey's argument, the BOP had authority to aggregate his consecutive federal sentences. See 18 U.S.C. § 4161 (repealed effective Nov. 1, 1987);[2] Briest v. United States Bureau of Prisons, 459 F.2d 284, 285-86 (8th Cir. 1972) (per curiam) (noting under § 4161, consecutive sentences are treated as single term for computing good-time credit; finding BOP had authority to aggregate consecutive prison terms). Aggregating consecutive sentences allows inmates to accumulate statutory

---

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

[2]Section 4161 was repealed as of November 1, 1987, but it remained in effect for five years thereafter as to an individual who committed an offense before November 1, 1987, and thus it applies to Huskey. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(4), 235(b)(1)(B), 98 Stat. 2027 (1984).

good time at the highest rate.  <u>See</u> <u>Briest</u>, 459 F.2d at 286.  Furthermore, Huskey may not complain about the order in which he is to serve his sentences.  <u>See</u> <u>Jeter v. Keohane</u>, 739 F.2d 257, 258 (7th Cir. 1984) (per curiam) (stating whether individual should be in federal or state custody is dispute between two sovereigns, and violator of laws of two sovereigns may not complain about order of serving sentences).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.