# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1937

_____

Amel F. Lueth,                                                    *
                                                                 *
           Appellant,                                *
                                                                 *
                                                                 *  Appeal from the United States
    v.                                                           *  District Court for the
                                                                 *  Southern District of Iowa.
Charles Beach, Sr.; Edward F.                                    *
Reilly, Jr.,                                                     *
                                                                 *
           Appellees.                               *

_____

Submitted: June 15, 2007
Filed: August 17, 2007 (Corrected: 9/04/07)

_____

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

The question presented in this case is whether a special parole term for a drug offense begins to run immediately upon the expiration of the imprisonment term for that particular offense or, rather, upon the expiration of the aggregate imprisonment term for all of the offenses of conviction. Like the District Court,[1] we conclude that the special parole term must run consecutive to the aggregate term of imprisonment.

_____

[1]The Honorable Robert W. Pratt, United States District Court for the Southern District of Iowa.

On July 31, 1985, Amel F. Lueth was sentenced for his convictions of various drug offenses. On Count 1 (engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848), Lueth was sentenced to a twenty-year term of imprisonment. On Counts 3, 6, 7, 9, 10, and 11 (possession of cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 841), Lueth was sentenced to terms of imprisonment ranging from five to fifteen years plus a three-year special parole term. On Counts 13–16 (income tax fraud and evasion in violation of 18 U.S.C. § 371 and 26 U.S.C. §§ 7201, 7206(1)), Lueth was sentenced to terms of imprisonment ranging from three to five years. The court ordered the sentences to run concurrently, except that the sentences on Counts 13–16 were ordered to run consecutive to the sentences on Counts 3, 6, 7, 9, 10, and 11.

The United States Bureau of Prisons (BOP) aggregated the sentences into a single twenty-year imprisonment term followed by a three-year special parole term. See generally BOP Sentence Computation Manual, ch. VII (1993) (discussing aggregation of adult sentences). On November 10, 2004, the BOP released Lueth from prison before the expiration of his twenty-year term on account of good-time allowances that Lueth had earned under 18 U.S.C. § 4161. Lueth remained, however, under mandatory release supervision of the United States Parole Commission and was subject to certain conditions "as if on parole" until the expiration of the twenty-year term, less 180 days, that being November 30, 2004.[2] Certificate of Mandatory Release and Mandatory Release to Special Parole, Joint Ex. App. at 32 (citing 18 U.S.C. § 4164). According to the Parole Commission, Lueth's three-year special parole term commenced the following day, December 1, 2004, and required Lueth to continue abiding by the conditions attached to his mandatory release. On December 8, 2004, Lueth's probation officer advised the Parole Commission that Lueth had violated a

_____

[2]Lueth had been released pursuant to 18 U.S.C. § 4161 on at least two previous occasions, but was re-incarcerated on each occasion for violating the conditions of the mandatory release.

condition of his special parole; therefore, Lueth was re-incarcerated on December 10, 2004.

On February 18, 2005, Lueth filed a petition for a writ of mandamus under 28 U.S.C. § 1361, arguing that the Parole Commission erroneously determined the commencement date of his special parole term. According to Lueth, he began to serve his special parole term on July 31, 2000, the date he discharged the longest sentence on the counts carrying special parole (Counts 3, 6, 7, 9, 10, and 11). Thus, Lueth argues, he completed his special parole term on July 31, 2003, and was not subject to the Parole Commission's supervision after his release from prison on November 30, 2004. The Parole Commission filed a motion to dismiss Lueth's petition, asserting that the petition was both procedurally flawed and without merit. The District Court determined that Lueth's sentence was correctly calculated and dismissed the case. See Fed. R. Civ. P. 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted). We review de novo a dismissal for failure to state a claim upon which relief can be granted, accepting all well-pleaded facts in the petition as true. Ferris, Baker Watts, Inc. v. Ernst & Young, LLP, 395 F.3d 851, 853 (8th Cir. 2005).

Before addressing the merits of Lueth's claim, we consider whether Lueth properly brought the claim in a petition for a writ of mandamus under 28 U.S.C. § 1361. The Parole Commission argues that Lueth should have brought the claim in a petition for habeas corpus under 28 U.S.C. § 2241 and that the District Court should have construed Lueth's petition as such. Because the District Court found "no merit to the underlying claim," however, it "assume[d] without deciding that the case ha[d] been properly pled and [was] properly before th[e] Court." Order Dismissing Case, March 8, 2006, at 1. We agree with the Parole Commission that Lueth's petition is more appropriately construed as a petition for habeas corpus. See Huskey v. Keohane, No. 96-3069, 1998 WL 2457, at *1 (8th Cir. Jan. 6, 1998) (per curiam) (stating that petitions for writ of mandamus that challenged the execution of prisoner's sentence were correctly construed by the District Court "as § 2241 petitions"); Chatman-Bey

-3-

v. Thornburgh, 864 F.2d 804, 806–10 & nn.2, 4 (D.C. Cir. 1988) (en banc) (cited with approval in Huskey and holding that prisoner's claim that authorities failed to properly aggregate his consecutive sentences in determining his parole eligibility could only be brought in habeas, not in mandamus).[3]

Turning to the substance of Lueth's petition, we conclude that it lacks merit for several reasons.  First, the statute authorizing the imposition of special parole commands that special parole be served in addition to, and not concurrent with, other parole.  21 U.S.C. § 841(c) ("A special parole term provided for in this section . . . shall be in addition to, and not in lieu of, any other parole provided for by law.");[4] see also U.S. Parole Comm'n v. Viveros, 874 F.2d 699, 700–01 (9th Cir. 1989) (holding that special parole term imposed on a drug conviction did not begin running until defendant completed parole on a separate conspiracy conviction); United States v.

---

[3]We note that our jurisdiction to decide this case is not affected by Lueth's alleged failure to exhaust his administrative remedies because the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional.  See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54–55 (1995); Del Raine v. Carlson, 826 F.2d 698, 703 (7th Cir. 1987); see also Day v. McDonough, 126 S. Ct. 1675, 1681–82 (2006) (noting that the requirement that state prisoners exhaust state remedies before filing a federal habeas petition is not a jurisdictional requirement); Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 996–97 (8th Cir. 2006) ("[T]he language of a statute must be 'sweeping and direct' for [an exhaustion requirement] to be considered jurisdictional." (quoting Weinberger v. Salfi, 422 U.S. 749, 757 (1975)).  But see Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (holding that the exhaustion requirement in § 2241 is jurisdictional, but relying on a case addressing the exhaustion requirement of 18 U.S.C. § 3585(b)).

[4]Section 841(c) was repealed by the Comprehensive Crime Control Act of 1984, but remained applicable to offenses committed prior to November 1, 1987.  See Billis v. United States, 83 F.3d 209, 210 n.2 (8th Cir.) (per curiam) (citing legislative history of § 841(c)), cert. denied, 519 U.S. 900 (1996).

Qualls, No. 96-7129, 1997 WL 337534, at *2 (10th Cir. June 19, 1997) ("A special term of parole can only be served after completion of incarceration and any term of regular parole."). The reasons for this requirement were recognized by the Second Circuit in Mastrangelo v. United States Parole Commission:

> The mandatory special parole term is designed to test the offender's ability to lead a lawful life in the community. . . . To permit the special parole term to run concurrently with an ordinary term of imprisonment would undermine this process. Nor is it the answer that the intended effect might be preserved if the prisoner is released on regular parole from a term of imprisonment during some or all of the time that the special parole term is claimed to be running concurrently, since it cannot be known at the time [of sentencing] that the prisoner's future behavior and the parole board's future decision concerning the prisoner's destiny will have led to his release on regular parole by the time petitioner claims the special parole term should commence.

682 F.2d 402, 404–05 (2d Cir. 1982) (per curiam). The Second Circuit's reasoning is well taken and directly applicable to Lueth's claim. We reject Lueth's suggestion that his special parole term could run while he was serving his imprisonment term on Count 1 (even though, as it turned out, he was on mandatory release at the time). See Qualls, 1997 WL 337534, at *2 (rejecting prisoner's argument that "because the district court ordered his sentences on Counts 1, 3, and 4 to run concurrently, the special terms of parole [for Counts 3 and 4] would begin to run and expire prior to the end of his period of incarceration on Count 1").

Second, we conclude that the BOP appropriately aggregated Lueth's multiple sentences into a single sentence. Such aggregation is permitted by 18 U.S.C. §§ 4161 (providing for the aggregation of sentences in calculating sentence reductions based

on "good time allowances") and 4205 (discussing eligibility for release on parole).[5] "When multiple sentences are aggregated by the Bureau of Prisons pursuant to 18 U.S.C. [§§] 4161 and 4205, such sentences are treated as a single aggregate sentence for the purpose of every action taken by the Commission pursuant to these rules . . . ." 28 C.F.R. § 2.5; see also BOP Sentence Computation Manual, ch. VII, at 29 (1993) ("A concurrent sentence or violator term that is running along with another sentence or violator term, and that has an [expires full term] date which is longer, are combined to form a single sentence."). The BOP Sentence Computation Manual directs that in a concurrent sentence situation, if the sentence that does not include a special parole term is longer than the sentence that includes a special parole term "then the [special parole term] will not begin to run until the expiration of the aggregated sentence, including any period of supervision." BOP Sentence Computation Manual, ch. VII, at 54 (1993). The BOP and the Parole Commission therefore correctly determined that the special parole term did not commence until the expiration of Lueth's twenty-year aggregated imprisonment term.

Finally, we reject Lueth's argument that commencing the special parole term at the end of his twenty-year aggregated imprisonment term violated Bifulco v. United States, 447 U.S. 381 (1980). Bifulco recognized that a special parole term could not be imposed as a sanction for violating 21 U.S.C. § 848. Id. at 399. The court sentencing Lueth, however, specifically attached the special parole term to the violations of 21 U.S.C. § 841 listed in Counts 3, 6, 7, 9, 10, and 11, not to the violation of 21 U.S.C. § 848 listed in Count 1. "Imposition of a longer term of imprisonment on Count 1 . . . than those imposed on [the other counts] did not convert the special parole term[] into part of the sentence imposed on Count 1." Qualls, 1997 WL 337534, at *2. See also United States v. Tarvers, 833 F.2d 1068, 1077 (1st Cir. 1987) (holding that, while special parole term could not be imposed for a violation of

---

[5]Sections 4161 and 4205 have been repealed, but remain applicable to offenses committed before November 1, 1987. Pub. L. No. 98-473, §§ 218(a)(4)–(5), 235(a)(1), (b)(1)(A)–(B), 98 Stat. 2027, 2031–32 (1984).

21 U.S.C. § 848, special parole term was properly imposed for violations of 21 U.S.C. § 841).

For these reasons, we affirm the District Court's order dismissing the case.

_____