

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Lyles v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lyles v. Samuels" (2007). *2007 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1609
_____

JERRA MCCREA LYLES,
                                        Appellant

v.

CHARLES E. SAMUELS, Jr.,
Warden, Federal Correctional Institution

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-02094)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 27, 2007

Before:   MCKEE, SMITH AND CHAGARES, <u>CIRCUIT JUDGES</u>.

(Opinion filed:   December 7, 2007)

_____

OPINION
_____

PER CURIAM

        Appellant Jerra McCrea Lyles, a federal prisoner serving a 40-year term at the

Federal Correctional Institution at Fort Dix, New Jersey, appeals <u>pro</u> <u>se</u> from the District

Court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. In 1976, Lyles was convicted in the United States District Court for the District of Maryland on a multi-count indictment including charges of conspiracy to manufacture heroin, distribution of heroin, possession with the intent to distribute heroin, continuing criminal enterprise, and other federal drug-related offenses. After Lyles was mandatorily released from the custody of the Bureau of Prisons on an aggregate 30-year prison term, he received a grant of early termination from mandatory release supervision and began service of his 40-year special parole term. Lyles subsequently pled guilty to another federal drug conspiracy charge in 2000, and the United States Parole Commission thereafter revoked Lyles's special parole. Lyles seeks his release on the ground that his imprisonment following the revocation of a 40-year special parole term violates the statutory mandates of 21 U.S.C. § 841 and his constitutional rights. For the following reasons, we will affirm.

We need not repeat the background of this case or the details of Lyles's claims here as they are well-known to the parties and are summarized in the District Court's memorandum. For substantially the reasons stated by the District Court, we conclude that Lyles's § 2241 petition was properly denied. As explained by the District Court, Lyles's current imprisonment based on the revocation of his 40-year special parole term is an imprisonment contemplated by 21 U.S.C. § 841(c)(repealed),[1] in addition to his statutory

_____

[1] This provision was repealed, but remains applicable to criminal offenses committed, as here, before November 1, 1987.

2

15-year term under § 841(b)(1)(A), and does not violate due process or exceed any statutory maximum sentence. See Roberts v. United States, 491 F.2d 1236, 1238 (3d Cir. 1974) ("[Special Parole] is designed to take effect upon the expiration of the period of parole supervision following mandatory release, or at the full term date following parole, or upon release from confinement following sentence expiration.") (per curiam); Bell v. United States, 521 F.2d 713, 715 (4th Cir. 1975) ("Since the statute prescribes no maximum special parole term, the additional prisoner sentence may be lengthy.") .

Further, Lyles's contention that his special parole term "would [have] to be commenced" before his federal 15-year term expired is without merit. The United States Parole Commission appropriately aggregated Lyles's multiple sentences into a single 30-year sentence, and ordered that Lyles's special parole term would begin to run after he was discharged from mandatory release supervision following his release from the aggregate 30-year prison term. See Lueth v. Beach, 498 F.3d 795 (8th Cir. 2007) (rejecting appellant's argument that his special parole term should have started running on the date he discharged the longest sentence on the counts carrying special parole). See also Fowler v. U.S. Parole Comm'n, 94 F.3d 835, 840 (3d Cir. 1996) (special term of parole to be served after completion of incarceration and any term of regular parole) (citation and quotation omitted); Mastrangelo v. United States Parole Comm'n, 682 F.2d 402, 404-05 (2d Cir. 1982) (special parole term was "designed to test the offender's ability to lead a lawful life in the community . . . . To permit the special parole term to run concurrently with an ordinary term of imprisonment would undermine this process . . . .")

3

(per curiam).

For these reasons, we will affirm the District Court's order.