799 F.2d 1076
 45 Fair Empl.Prac.Cas. 2, 41 Empl. Prac. Dec.
P 36,648,
5 Fed.R.Serv.3d 1404
 In re MDL 262.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,
Plaintiffs-Appellees.
Ricardo Diaz Barron, Rudolph Cisneros, Julian S. Duron, et
al., Plaintiffs-Appellants,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, International
Association of Machinists and Aerospace Workers,
District Lodge No. 15, et al.,
Defendants-Appellees.
 No. 85-2495.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 17, 1986.
 
 David T. Lopez & Assoc., David T. Lopez, Houston, Tex., for plaintiffs-appellants.
 Mark McDonald, Houston, Tex., for Robert Coleman, et al.
 Donald S. Bayne, San Antonio, Tex., for intervenor-Lenora T. Duggar.
 Harold A. Ross, Cleveland, Ohio, for Intern. Broth.
 James L. Highsaw, William J. Birney, Washington, D.C., for Broth. Ry. Airline & S.S. Clerks.
 Marc A. Zito, Houston, Tex., for Broth. of Maintenance Way Employees.
 Michael S. Wolly, Washington, D.C., for BMWE, IBFO, Local 1016, et al.
 Carnegie H. Mims, Jr., Houston, Tex., for Melvin Obey.
 Reagan Burch, Jr., Ross Harrison, Houston, Tex., for Southern Pacific Trans.
 Stephen P. O'Rourke, E.E.O.C., Office of Gen. Counsel-Appellate Services, Washington, D.C., Bruce B. Elfvin, Cleveland, Ohio, for E.E.O.C.
 J. Donald Bowen, Houston, Tex., Robert Lee Hart, Jr., Cleveland, Ohio, Clarence M. Small, Jr., Thomas A. Carraway, Birmingham, Ala., for United Transp. Union, et al.
 Appeal from the United States District Court for the Southern District of Texas.
 Before CLARK, Chief Judge, and RUBIN and GARZA, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's judgment, approving as fair, adequate and reasonable a consent decree in a consolidated employment discrimination action. We do not reach the merits because we lack appellate jurisdiction and are therefore obliged to dismiss the appeal for failure of compliance with Rule 4(a), Fed.R.App.P.
 
 
 2
 On July 14, 1975, the Equal Employment Opportunity Commission ("EEOC") commenced a pattern and practice employment discrimination action pursuant to Title VII against Southern Pacific Transportation Company ("Southern Pacific") and several unions.[1] The EEOC claimed that the defendants engaged in discriminatory practices against blacks, Hispanics and females in Texas and Louisiana because of their race, national origin and sex, respectively, by restricting their employment opportunities in violation of sections 706 and 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-5 and 2000e-6. Thereafter, various other private actions were consolidated with the EEOC's action under the multidistrict litigation statute, 28 U.S.C. Sec. 1407. On June 4, 1984, the consolidated action[2] commenced, but the trial was recessed until August 13, 1984, in order for the parties to further consider the EEOC's proposed consent decree.
 
 
 3
 On the morning the trial was to resume the court was notified that a settlement had been reached. Thereafter, the consent decree was signed by counsel, including Mr. David T. Lopez who acted as counsel for certain individual plaintiffs and as co-chairman of the Consolidated Plaintiffs' Steering Committee. The court granted provisional approval of the decree and scheduled a hearing for January 17, 1985, to address the issue of fairness and to consider any objections. The court subsequently entered a final judgment overruling all objections and approved the consent decree on April 10, 1985.[3]
 
 
 4
 Although co-lead counsel for certain private plaintiffs had until June 11, 1985, to file a notice of appeal, pursuant to Rule 4(a), Fed.R.App.P., counsel filed a motion on May 10, 1985, asking the court to extend the time in which to file a notice of appeal until May 30, 1985. Counsel did not file a notice of appeal by May 30, 1985, the date requested, nor by June 11, 1985, the period allotted by law. On July 3, 1985, the district court, without a pending request to extend the time for filing and without a showing of excusable neglect, entered an order extending the time for filing a notice of appeal for 10 days following the date of the order. Counsel then filed a notice of appeal on July 12, 1985. Subsequently, Southern Pacific, the EEOC and certain other parties filed motions to dismiss the appeal, arguing that the district court lacked authority to enter the order without a renewed motion for an extension and without a showing of excusable neglect by counsel. A motions panel of this Court denied the motions on August 26, 1985. This appeal followed and the plaintiffs-appellants sought a review of the trial court's April 10, 1985 approval of the consent decree. They presented arguments asserting that the trial court abused its discretion in that the consent decree was not fair, adequate and reasonable because of duress.[4]
 
 
 5
 Rule 4(a)(1) provides that a notice of appeal must be filed within 60 days of final judgment in cases in which the United States, an officer or agency thereof is a party. However, according to Rule 4(a)(5), upon a showing of excusable neglect by a party the district court has the power to extend the time period for filing such a notice of appeal upon motion filed no later than 30 days subsequent to the expiration of the time prescribed in Rule 4(a)(1). Compliance with this requirement is essential to confer appellate jurisdiction.
 
 
 6
 No additional motion to further extend the time was filed and the May 10 motion was not renewed. Moreover, there was no allegation or showing of excusable neglect justifying counsel's failure to file a notice of appeal following May 30 and within the prescribed 60 day period. While the requirement of Rule 4(a) does not affect subject matter jurisdiction, it is a mandatory precondition to the exercise of jurisdiction. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 264, 98 S.Ct. 556, 560-61, 54 L.Ed.2d 521 (1978); Curacao Drydock Co., Etc. v. M/V Akritas, 710 F.2d 204, 206 (5th Cir.1983); Sanchez v. Board of Regents, 625 F.2d 521, 522 n. 1 (5th Cir.1980). There is a necessity for providing a precisely ascertainable point of time at which litigation comes to an end. In the absence of a motion seeking additional time after the June 11 expiration, and without a showing by counsel that its neglect was excusable, the district court was without authority to extend the period for filing an appeal. Campbell v. Bowlin, 724 F.2d 484, 488 (5th Cir.1984); Levisa Stone Corp. v. Elkhorn Stone Co., 411 F.2d 1208, 1210 (6th Cir.1969), cert. denied, 397 U.S. 925, 90 S.Ct. 913, 25 L.Ed.2d 104 (1970); 9 Moore's Fed.Prac. p 204.13 at 4-104 (2d ed. 1985).
 
 
 7
 Although a motions panel of this Court had previously denied the Southern Pacific and EEOC motions to dismiss this appeal on the ground of untimely notice of appeal, it is evident that we are not bound by that decision. Fischer v. United States Dep't of Justice, 759 F.2d 461, 463 (5th Cir.1985); Equal Employment Opportunity Comm'n v. Neches Butane Prod. Co., 704 F.2d 144, 147 (5th Cir.1983) ("A denial by a motions panel of a motion to dismiss for want of jurisdiction, however, is only provisional"). Nor are we persuaded by the line of cases holding that there may exist "unique circumstances" that permit a court of appeals to hear an untimely appeal. See Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); Chipser v. Kohlmeyer & Co., 600 F.2d 1061 (5th Cir.1979). Those decisions stand for the proposition that an untimely appeal may be taken where counsel fails to file a notice of appeal within the prescribed time based on its good faith reliance on a mistaken assurance or statement of the district court. Clearly, this attempted appeal does not fall within the parameters of that line of reasoning because at the time when the court below granted the extension, the period requested by counsel had already expired. Thus, there could be no reliance by counsel on any statements or actions of the court and the judge's granting of the extension was in fact a nullity. No district court has the power sua sponte to grant an extension of time in which to file a notice of appeal where there is no actual motion pending and where there is no proof of excusable neglect. The record is completely bare of these two requirements and it does not support the trial court's order.
 
 
 8
 For the reasons above stated, we hold that we are without appellate jurisdiction over the instant case. Therefore, the appeal is dismissed for want of jurisdiction.
 
 
 
 [1]
 The remaining defendants included:
 Brotherhood of Maintenance of Way Employees; Brotherhood of Railway Carmen of the United States and Canada; Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express & Station Employees Local Lodge No. 589; International Brotherhood of Firemen, Oilers, Helpers, Roundhouse & Railway Shop Laborers Local No. 1016; and United Transportation Union (E), Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express & Station Employees; International Association of Machinists and Aerospace Workers; International Brotherhood of Firemen, Oilers, Helpers, Roundhouse & Railway Shop Laborers; Brotherhood of Locomotive Engineers; International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers; International Brotherhood of Electrical Workers; Sheetmetal Workers' International Association; Brotherhood of Railroad Signalmen; American Railway Supervisors Association; American Train Dispatchers Association; Western Railway Supervisors Association, Inc.; System Federation No. 162, Railway Employees Department, AFL-CIO; United Transportation Union (C & T); and United Transportation Union(S).
 
 
 [2]
 The consolidated action consisted of the EEOC's action and the private actions of the following individuals: David Lozano, Jr., Richard Barron, Ramon Vasquez, Herbert A. Milburn, Melvin A. Obey, Edward L. Downey, Ben S. Fisher, Joseph A. Bristol, Raul Gonzalez, Robert Coleman and Lawrence Johnson. Mr. Milburn and Mr. Gonzalez settled their claims independent of the consent decree
 
 
 [3]
 The consent decree provides both monetary and affirmative relief for the black, Hispanic and female bargaining unit employees and former employees of Southern Pacific in Texas and Louisiana who were discriminated against
 
 
 [4]
 On appeal, the trial court's final judgment concerning a consent decree is subject to review for an abuse of discretion. The appellate court considers the consent decree and its effect on the parties to determine whether it is "fair, adequate and reasonable." Williams v. City of New Orleans, 729 F.2d 1554, 1559 (5th Cir.1984) (en banc). Recently, however, the United States Supreme Court considered a Title VII case in which a labor union was permitted to intervene as of right as a party-plaintiff. Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO, C.L.C. v. City of Cleveland, et. al., --- U.S. ---, ---, 106 S.Ct. 3063, 3079, 92 L.Ed.2d 405 (1986). Despite the union's objection to the reasonableness of a consent decree, the Court ruled that the union did not have the power to block the decree merely by withholding its consent. The Court reasoned that the decree did not impose any obligations on the union, and therefore the intervenor could not challenge the consent decree on the ground that it was entered without its consent