**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

92-3081
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WAYNE JOSEPH YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

(June 30, 1992)

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Wayne Young appeals the district court's denial of his motion, pursuant to Fed. R. Crim. P. 35(a), to correct sentence. Finding no error, we affirm.

I.

Young was involved in a drug conspiracy in 1986, prior to the November 1, 1987, effective date of the Sentencing Guidelines. The facts are amply set forth in United States v.

<u>Gentry</u>, 839 F.2d 1065, 1067-69 (5th Cir. 1988). Young was convicted of conspiracy to possess with intent to distribute marihuana and of the attempted distribution of marihuana, in violation of 21 U.S.C. § 846, and of distribution and possession with intent to distribute cocaine, in violation of <u>id.</u> § 841(b)(1)(B).

Young was sentenced to four years' imprisonment on each count, the terms to run consecutively. On two of the counts, he was sentenced to consecutive five-year terms of special parole. We affirmed. <u>See</u> <u>Gentry</u>.

Subsequently to our affirmance, the district court denied Young's Fed. R. Crim. P. 35(b) motion to reduce sentence. He took no appeal. More than a year later, Young moved, pursuant to 28 U.S.C. § 2255, to correct sentence. The district court denied that petition, and we affirmed. <u>United States v. Young</u>, U.S. Dist. LEXIS 1737 (E.D. La. Feb. 22, 1990), <u>aff'd</u>, 920 F.2d 930 (5th Cir.) (unpublished), <u>cert. denied</u>, 111 S. Ct. 2034 (1991).

In April 1991, the district court denied Young's motion to correct sentence filed pursuant to rule 35(a). <u>United States v. Young</u>, 1991 U.S. Dist. LEXIS 4789 (E.D. La. Apr. 8, 1991). Young noticed, then withdrew, an appeal from that ruling.

In July and August 1991, Young wrote letters to the district court challenging the imposition of consecutive terms of special parole and seeking resentencing on all counts. The court treated the letters as a motion and denied it, concluding that consecutive terms of special parole are authorized by section

2

841(b)(1)(B).  United States v. Young, 1991 U.S. Dist. LEXIS 16575 (E.D. La. Oct. 23, 1991).  The order denying Young's motion for reconsideration of that denial was entered on the docket on November 20, 1991, and Young's notice of appeal was filed on January 23, 1992.

## II.

The government argues that Young's appeal is untimely.  This assertion is wholly without merit.

The government correctly observes that under Fed. R. App. P. 4(b), a notice of appeal in a criminal case must be filed within ten days of the judgment or order appealed from.  Young's notice of appeal plainly was not filed within ten days of the denial of reconsideration of his rule 35(a) motion.

It is settled, however, that we liberally construe motions such as Young's as requests for relief under 28 U.S.C. § 2255. See United States v. Atkins, 834 F.2d 426, 431 (5th Cir. 1987); United States v. Santora, 711 F.2d 41, 42 (5th Cir. 1983).  As a section 2255 proceeding is civil and has the government as a party, the sixty-day limit of Fed. R. App. P. 4(a) applies.  That period began running on November 20, which was the date of entry of the order denying reconsideration, as provided in Fed. R. Civ. P. 59(e).  Thus, Young's notice of appeal was due to be filed by January 21 (the sixtieth day, January 18, falling on a Saturday and the following Monday, January 20, being a federal holiday, see Fed. R. Civ. P. 6(a)).

3

Young is a _pro se_ prisoner and, accordingly, is entitled to the benefit of the holding in _Houston v. Lack_, 487 U.S. 266, 276 (1988).  As his notice of appeal was filed only two days late, i.e., on January 23, it is presumed, under _Houston v. Lack_, to have been timely delivered for mailing, a proposition the government does not dispute.


                              III.

Young argues that special parole is a pre-guidelines version of supervised release and, as such, should be imposed to run concurrently with all other periods of special parole.  The government asserts, and the district court reasoned, that special parole is unique and not subject to the limitations placed on supervised release, parole, and probation.  We conclude that the district court is correct.

At the time of Young's conviction and sentencing, section 841(b)(1)(B) read as follows:  "_Any sentence_ imposing a term of imprisonment under this paragraph _shall_ . . . impose a special parole term of at least 2 years _in addition to such term of imprisonment . . . ._"  (Emphasis added.)  Also at that time, 21 U.S.C. § 841(c) stated that "a special parole term . . . shall be in addition to, and not in lieu of, any other parole provided by law."

Congress specifically provided, in 18 U.S.C. § 4210(d), that concurrent terms are required for _regular_ parole.  No such restriction is imposed by statute for _special_ parole.  The

4

district court accurately observed that in United States v. Davis, 656 F.2d 153 (5th Cir. Unit B Sept. 1981), cert. denied, 456 U.S. 930 (1982), we noted that Congress did not intend for leniency to apply to the penalty provisions and that it was Congress's intent that cumulative sentences be imposed (also citing United States v. Rodriquez, 612 F.2d 906 (5th Cir.), cert. denied, 449 U.S. 835 (1980), and aff'd sub nom. Albernaz v. United States, 450 U.S. 333 (1981)). Thus, as the district court reasoned, the legislative intent "was to permit trial courts to penalize each violation of the anti-drug laws separately . . . . Because Congress specified concurrent terms for regular parole, it stands to reason that Congress knew how to limit parole terms when it wanted to."

As the district court noted, this rationale is supported by United States Parole Comm'n v. Viveros, 874 F.2d 699 (9th Cir. 1989), in which the court rejected the argument that section 4210(d) is controlling with regard to special parole. We also observe, as did the district court, that consecutive terms of special parole have been imposed in numerous cases without challenge. See, e.g., United States v. Kenney, 601 F.2d 211, 212 (5th Cir. 1979); United States v. Roman, 870 F.2d 65, 67 (2d Cir.), cert. denied, 490 U.S. 1109 (1989); United States v. Pratt, 657 F.2d 218 (8th Cir. 1981); United States v. Federico, 658 F.2d 1337, 1341, 1344 (9th Cir. 1981), overruled on other grounds, United States v. DeBright, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc).

It follows that nothing in the statutory scheme proscribes consecutive terms of special parole.  The order of the district court, denying relief, is AFFIRMED.