United States Court of Appeals,

Fifth Circuit.

No. 96-20775.

In the Matter of:  Robert L. LACEY, Debtor.

ROBERT A. LACEY FAMILY TRUST, Linda Kay Lacey Trust, R. Lacey, Trustee, Appellants,

v.

David J. ASKANASE, Trustee, Appellee.

June 16, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Robert A. Lacey, as trustee of the Robert A. Lacey Family Trust and the Linda Kay Lacey Trust, appeals the district court's affirmance of the bankruptcy court's judgment allowing David J. Askanase, as trustee of Lacey's bankruptcy estate, to recover certain assets transferred into the defendant trusts.  Under FED. R. APP. P. 4(a)(1), Lacey's notice of appeal must have been filed within thirty days of entry of the district court's judgment.  The district court entered its judgment on July 11, 1996;  the thirtieth day following that date was Saturday, August 10, 1996.  Under FED. R. APP. P. 26(a), the deadline for filing the notice of appeal was the following Monday, August 12, 1996.  The notice of appeal, however, is stamped as filed on August 13, 1996.

Lacey, however, argues that the notice was, in fact, timely filed.  Lacey, by sworn affidavit, avers that he personally

1

deposited the notice of appeal in the internal mailbox at the United States Post Office in Bryan, Texas before 11:30 a.m. on Thursday, August 8, 1996, four days before the filing deadline. Bryan, Texas is approximately ninety-five miles from the district court in downtown Houston. On the same day, counsel for Lacey sent a copy of the notice of appeal to opposing counsel via registered mail; opposing counsel received the notice the very next day. Opposing counsel's offices are located in Bellaire, Texas, less than nine miles from the district court. Lacey thus concludes that the district court, like opposing counsel, must have received the notice prior to Tuesday, August 13, 1996, and that the district court simply failed to stamp the notice of appeal as filed at the time it was received. Alternatively, Lacey requests a one day extension of time for good cause shown under FED. R. APP. P. 26(b) and Local Rule 26.2.

A timely notice of appeal is mandatory and jurisdictional, *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1199 (5th Cir.1990), and we have no power to enlarge the time for filing a notice of appeal under any circumstances. *See* FED. R. APP. P. 26(b). Lacey could have requested an extension of time from the district court for good cause shown within thirty days of the deadline, *see* FED. R. APP. P. 4(a)(5), but there is nothing in the record to indicate that he did so. Therefore, we DISMISS Lacey's appeal for lack of appellate jurisdiction.