IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20659
Summary Calendar

_____


TOMMIE LEE BRYANT,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2933
- - - - - - - - - -
January 29, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tommie Lee Bryant, Texas prisoner # 710410, has applied to this court for a certificate of appealability (COA).  The district court dismissed Bryant's habeas corpus petition as time-barred under 28 U.S.C. § 2244(d), without reaching the merits of his habeas claims.

The district court held that § 2244(d)'s one-year statute of limitations was not tolled by the pendency of Bryant's state habeas petition during the period after April 24, 1996.  This

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ruling was incorrect.  See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  Bryant had 76 days from April 24, 1997, or until July 9, 1997, to file his § 2254 petition.  Since his petition was filed only two days late, *i.e.*, on July 11, it is presumed, under Houston v. Lack, 487 U.S. 266, 276 (1988), to have been timely delivered for mailing.  See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992).[**]  Bryant has thus made a credible showing that the district court erred in finding his claims barred by the statute of limitations in § 2244(d).  See Davis v. Johnson, 158 F.3d 806, 809 (5th Cir. 1998)(applying COA standard to nonconstitutional issue of tolling under § 2244(d)).

Accordingly, COA is GRANTED, the district court's order is VACATED, and this case is REMANDED for consideration of the merits of Bryant's habeas claims.

COA GRANTED; VACATED AND REMANDED.

---

[**] Bryant contends that he placed his § 2254 petition in the prison mailbox on June 30, 1997, a date that would mean it was timely filed in accordance with the "mailbox rule" applicable to prisoner litigants.  See Houston v. Lack, 487 U.S. at 276; Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995); Fed. R. App. P. 4(c).