IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40010
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS WILLIAM KROUT,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. C-97-CV-246
CR-92-CR-161-1

--------------------

August 20, 1999

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Douglas William Krout, federal inmate #61345-079, moves in this court for a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(B). The district court dismissed Krout's 28 U.S.C. § 2255 motion as barred by the one-year statute of limitations, without reaching the merits of his claims. Accordingly, to obtain a COA, Krout must make a credible showing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in dismissing the motion on limitations grounds.  See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998).

Krout's conviction became final before April 24, 1996. Accordingly, he had until Thursday, April 24, 1997, to file for relief under § 2255.  See United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998).  Because Krout's § 2255 motion was received by the district court on Monday, April 28, 1997, within two business days after the last day for filing, it is entitled to the presumption that it was delivered timely for mailing via the prison legal mail system.  See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992).

Krout has shown that the district court erred in dismissing his § 2255 motion as time-barred.  Accordingly, we GRANT a COA on the limitations issue, VACATE the district court's judgment, and REMAND the cause for further proceedings.

COA GRANTED; VACATED AND REMANDED.