# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 00-20684
Summary Calendar

_____

ALVIN CHARLES DUNCAN,

                                                      Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                                      Respondent-
Appellee.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4511
--------------------------------------------------------
January 10, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

    Alvin Charles Duncan, Texas prisoner # 402303, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred.

    "This court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Duncan filed "objections" to the district court's order and judgment, challenging that correctness of court's dismissal his § 2254 petition. If this document was filed within 10 days of the entry of judgment, then it must be construed as a

    [*] Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Rule 59(e) motion.  See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc).

The district court's judgment was entered on Tuesday, July 18, 2000, and thus the last day for filing a timely motion pursuant to Federal Rule of Civil Procedure 59(e) was Friday, July 28, 2000.  See FED. R. CIV. P. 6(a).  Duncan's objections were stamped as filed in the district court on Monday, July 31, 2000.  Because Duncan's objections were filed in the district court only one business day late, the document is presumed to have been delivered to prison officials within the ten days for filing a Rule 59(e) motion.  See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992).

The record does not reflect that the district court has ruled on Duncan's Rule 59(e) motion. As the Rule 59(e) motion has not yet been disposed of, notice of appeal is ineffective.  See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).  Accordingly, the case must be remanded, and the record returned to the district court, for consideration of the outstanding motion as expeditiously as possible, consistent with a just and fair disposition thereof.  See id. at 261.  Duncan's COA motion and motion to expedite the COA proceedings shall be held in abeyance until his notice of appeal is effective.  We instruct the clerk of this court to process the pending motions immediately upon the return of this case from the district court.

LIMITED REMAND; HOLD MOTION FOR COA IN ABEYANCE.