**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30521
Summary Calendar

In the Matter of: PATRICIA LATTIER-HOLMES

Debtor,

-------------------------------

PATRICIA LATTIER-HOLMES,

Appellant,

VERSUS

PEOPLES STATE BANK OF MANY,

Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(02-CV-575)

December 24, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

Per Curiam:[*]

In this appeal, Patricia Lattier-Holmes <u>pro se</u> challenges the
district court's dismissal of her appeal of a bankruptcy court
order. We DISMISS her appeal for lack of appellate jurisdiction.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

This case arises out of Lattier-Holmes's bankruptcy proceeding. The Peoples State Bank of Many ("PSB") initiated an adversary proceeding against Lattier-Holmes, seeking to prevent her discharge of certain debt on grounds of fraud. On February 22, 2002, the bankruptcy court denied the discharge. On March 4, 2002, Lattier-Holmes's counsel filed in the bankruptcy court a notice of appeal to this Court. The notice of appeal was treated as an appeal to the district court. On March 25, 2002, the district court dismissed the appeal for failure to prosecute according to Rule 8006 of the Bankruptcy Rules. A copy of the order was sent to Lattier-Holmes's counsel but not to her. Some point after the March 4, 2002, appeal had been filed, counsel withdrew.

On April 28, 2002, Lattier-Holmes pro se moved the district court to reconsider its order of dismissal. She filed an identical motion the next day. In her motions she explained that she did not learn of the order until April 18, 2002. The district court denied reconsideration on May 6, 2002. On May 16, 2002, Lattier-Holmes pro se filed a notice of appeal of the district court's order of dismissal.

After the district court dismissed her appeal on March 25, 2002, Lattier-Holmes had ten days to file a motion for reconsideration. Fed. R. Bankr. P. 8015. Her motion for reconsideration, which she filed on April 28, 2002, was therefore untimely. Because Lattier-Holmes did not timely move for reconsideration, the time for her appeal to this Court ran from the

2

entry of the district court's order of dismissal on March 25, 2002. Id. By rule, Lattier-Holmes had thirty days to appeal the district court's order. Fed. R. App. P. 4(a)(1)(A), 6(b)(1). This limitation period was not disturbed by her untimely motion for reconsideration. See id. 6(b)(2)(A)(i); Fed. R. Bankr. P. 8015; 16A Wright & Miller, Federal Practice & Procedure § 3952.2 n.4 (3d ed. 1999). Lattier-Holmes did not move to extend the limitations period pursuant to Rule 4(a)(1)(5), and the district court was without power to grant such an extension sua sponte. See In re MDL 262, 799 F.2d 1076, 1079 (5th Cir. 1986); 16A Wright & Miller, Federal Practice & Procedure § 3950.3 n.7. Her notice of appeal was therefore untimely filed on May 16, 2002.

This Court lacks jurisdiction to hear an untimely appeal. See Matter of Lacey, 114 F.3d 556, 557 (5th Cir. 1997). We also lack the power to enlarge the time for filing a notice of appeal under the circumstances of this case. Fed. R. App. P. 26(b)(1); Matter of Lacey, 114 F.3d at 557. Accordingly, we DISMISS Lattier-Holmes's appeal for lack of appellate jurisdiction.