United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10633
Summary Calendar

_____

BILLY N. STEVENSON,

Plaintiff-Counter Defendant-
Appellant,

versus

DON ANDERSON, Sheriff; NFN SNEED, Lieutenant;
NFN LYNN, Medical Officer,

Defendants-Counter Claimants-
Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2157-N
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Billy N. Stevenson filed a civil rights complaint, alleging that, while incarcerated, he was injured and was denied proper medical treatment. This court must examine the basis of its jurisdiction on its own motion if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely filed notice of appeal is a jurisdictional prerequisite to appellate review. Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By judgment entered on March 23, 2004, the district court dismissed Stevenson's complaint. Stevenson's notice of appeal had to be filed within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Stevenson, however, filed his notice of appeal the end of May 2004, more than 30 days after the entry of judgment.

Stevenson's notice of appeal, however, could be construed as a motion to reopen the appeal period. Rule 4(a)(6), FED. R. APP. P., allows the district court to reopen the time to file an appeal if: (1) a motion is filed within 180 days of the entry of judgment or within 7 days of the receipt of notice of the entry of judgment, whichever is earlier; (2) the district court finds that the party was entitled to notice of the entry of judgment and did not receive such notice within 21 days of the judgment's entry; and (3) the district court finds that no party would be prejudiced if the time period was reopened.

Stevenson received written notice of the entry of the district court's March 23, 2004, judgment on May 13, 2004, which was not within 21 days of the judgment's entry. Stevenson's motion was stamped filed May 26, 2004, which was within 180 days of the entry of the district court's judgment. Because Stevenson received notice of the judgment's entry on May 13, 2004, Stevenson had until May 24, 2004, or seven days, to file his motion to reopen the appeal period. See FED. R. APP. P. 26(a). Although the prison mailbox rule applies to Stevenson, his motion

does not indicate when he placed it in the prison mail system. See R. 1, 273-75; Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998) (under prison mailbox rule, pro se prisoner is deemed to have filed document in federal court when it is deposited in prison mail system).  Nevertheless, because Stevenson's motion was filed only two days late, his motion is presumed to have been filed timely.  See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (pro se prisoner entitled to presumption that two-days-late notice of appeal was timely delivered to prison authorities for mailing and thus timely filed under prison mailbox rule).

Because Stevenson's motion is timely, the matter must be remanded to the district court to determine whether to re-open the time for filing the notice of appeal pursuant to FED. R. APP. P. 4(a)(6).  Upon making this determination, the district court should return the case to this court for further proceedings, or dismissal, as may be appropriate.

REMANDED.