United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 05-30260

(Summary Calendar)

————————————

FORD MOTOR CO,

                         Plaintiff-Appellee,

versus

BERNIE WOODS, SR,

                         Defendant-Appellant.

————————————————————

FORD MOTOR MINORITY DEALERS ASSOCIATION

                         Amicus Curiae

———————————————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 5:04-CV-1733

———————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

—————————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

Bernie Woods ("Woods") appeals from the district court's order staying the proceedings between Woods and Ford Motor Co. ("Ford") before the Louisiana Motor Vehicle Commission (LMVC). Woods argues that the district court erred in ordering the parties to arbitrate their dispute and that the district court lacked the statutory power and jurisdiction to stay state administrative proceedings as a means of enforcing its order compelling arbitration.

The district court's order compelling arbitration, which was issued over a month before the order from which Woods appeals, was final and immediately appealable when issued. *See Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 86 (2000). Woods did not appeal the order within the 30-day period set out in FED. R. APP. P. 4(a)(1)(A). Because Woods did not timely appeal the order compelling arbitration, this court has no jurisdiction to review it. *See In re Lacey*, 114 F.3d 556, 557 (5th Cir. 1997) ("A timely notice of appeal is mandatory and jurisdictional."). This court therefore will not consider Woods's arguments that the district court erred in compelling the parties to arbitrate their dispute.

Woods also argues that the district court lacked the power to stay the LMVC proceedings under 9 U.S.C. § 3. The district court, however, explicitly relied on 28 U.S.C. § 1651, the All Writs Act, when it stayed the LMVC proceedings. § 1651(a) authorizes federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." *Id.* In this circuit, district courts may stay parallel state proceedings after compelling arbitration pursuant to 9 U.S.C. § 4, the Federal Arbitration Act. *See Am. Heritage Life Ins. Co.*, 294 F.3d 702, 714 & n.3 (Dennis, J., concurring) (5th Cir. 2002) (approving a district court's stay of state proceedings under the All Writs Act). Woods's argument that the district court lacked the statutory power to stay the LMVC is therefore

47.5.4.

unavailing.[1]

Finally, the district court had jurisdiction to issue an order enforcing its prior judgment. *See Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments.").

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[1] Woods's argument that the district court should not have stayed the LMVC proceedings without making the LMVC party to the case in the district court is foreclosed by *American Heritage* and similar cases. The same is true of his argument that the district court should have abstained from staying the LMVC proceedings under *Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943).