United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50117
Summary Calendar
_____

ROBERT LEE MARTIN,

                                        Plaintiff-Appellant,

versus

AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County,

                                        Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-695
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Robert Lee Martin, Texas prisoner # 1050629, appeals the

district court's award of summary judgment in favor of Amalia

Rodriguez-Mendoza (Rodriguez) in his 42 U.S.C. § 1983 suit.  In

that suit, Martin alleged that Rodriguez violated his right of

access to the courts by failing to respond to his requests for a

copy of his statement of facts.  On appeal, Martin argues in

pertinent part that his position as a litigant was prejudiced by

Rodriguez's inaction because (1) he was entitled under Anders v.

California, 386 U.S. 738 (1967), to a free copy of his statement

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of facts to file a pro se appellate brief in response to counsel's <u>Anders</u> motion and (2) Rodriguez prevented the filing of appropriate documents when she failed to comply with his requests for verification that his March 25, 2004, records request had indeed been filed and, when she failed to notify him of the state court's September 24, 2004, ruling on that request.  Our review is de novo.  <u>See</u> <u>Horton v. City of Houston</u>, 179 F.3d 188, 191 (5th Cir. 1999).

As an initial matter, we hold that Martin's notice of appeal was timely filed.  <u>See</u> <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992).  "[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate 'that his position as a litigant was prejudiced by his denial of access to the courts.'"  <u>McDonald v. Steward</u>, 132 F.3d 225, 230-31 (5th Cir. 1998) (citation omitted); <u>see also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).  To demonstrate prejudice, Martin must prove that he suffered actual injury by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered.  <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002) (internal quotations omitted).  The underlying claim must be described well enough to apply the frivolity test and to show that its "arguable nature . . . is more than hope."  <u>Id</u>. at 416 (internal quotations omitted).

Martin has failed to identify any claim, much less any nonfrivolous claim, that he would have raised on appeal in

response to counsel's <u>Anders</u> motion had he had the benefit of his statement of facts.  Similarly, he has not identified any nonfrivolous claim that he would have raised on either state or federal habeas review.  Martin has therefore failed to show that he suffered actual injury as a result of Rodriguez's alleged inaction, and, therefore, he is not entitled to relief.  <u>See</u> <u>id.</u> at 415-16.

AFFIRMED.