IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-20494
Summary Calendar

HENDERSON R. PRYOR,

Plaintiff-Appellant,

V.

ALAN M. WOLFE; JOSEPH W. JOHNSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-150

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Henderson Pryor appeals the dismissal of his employment discrimination case and the denial of his motion to reopen the time to file an appeal. We find that we do not have jurisdiction to review the district court's dismissal of Pryor's suit because Pryor did not timely file an appeal thereof.

The district court dismissed Pryor's case on May 3, 2006. Pryor filed a motion to vacate that judgment, and the district court denied the motion on May 23, 2006. Pryor did not timely file a notice of appeal regarding that judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Then, on October 31, 2006, Pryor filed a motion to reopen the time to file an appeal. The district court denied Pryor's motion on November 29, 2006 and therefore refused to provide Pryor additional time to file a notice of appeal.

Pryor then on May 1, 2007 filed a motion to vacate the district court's order denying additional time to appeal. The district court denied that motion on June 1, 2007. Pryor timely appealed the district court's most recent order.

As the district court concluded, Pryor did not timely file a notice of appeal of the district court's refusal to vacate its original judgment dismissing Pryor's case. Pryor argues that he should have been allowed more time to file an appeal because he never received notice of the district court's denial of his motion to vacate. However, the record shows that Pryor did have adequate notice of the district court's denial of his original motion to vacate. Pryor concedes that he received the district court's order denying his motion to vacate on August 30, 2006, thereby giving him notice of that order.

Under the Federal Rules of Appellate Procedure, the time to file an appeal of an order may be reopened "if the motion is filed 180 days after the judgment or order is entered or within 7 days after the moving party receives notice." FED. R. APP. P. 4(a)(6)(B). Pryor filed his untimely motion to reopen the time to file an appeal on October 31, 2006, two months after he received notice of the order. Pryor had seven days after receiving notice of the order on August 31, 2006 to file a motion to reopen the time to file an appeal, yet he did not file his motion until two months later. Therefore, the district court did not err in refusing to grant Pryor additional time to appeal its May 23, 2006 order denying the original motion to vacate.

Pryor's appellate brief asks this court to evaluate the correctness of the district court's refusal to vacate its judgment dismissing his claims. However, given our conclusion that Pryor did not timely appeal that judgment, we do not have jurisdiction to address the remainder of Pryor's arguments. "A timely notice of appeal is mandatory and jurisdictional, and we have no power to

enlarge the time for filing a notice of appeal under any circumstances." Matter of Lacey, 114 F.3d 556, 557 (5th Cir. 1997) (internal citation omitted). Therefore, we DISMISS Pryor's appeal for lack of jurisdiction.