# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2013

No. 12-30659
Summary Calendar

Lyle W. Cayce
Clerk

KYLE SPRING,

Petitioner-Appellant,

versus

JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections,

Respondent-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:11-CV-308

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kyle Spring, Louisiana prisoner # 555065, was convicted following a bench trial of second degree murder and was sentenced to life in prison. After unsuc-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cessful direct review, he filed a timely 28 U.S.C. § 2254 petition for writ of habeas corpus asserting claims arising out of the denial of a motion for a new trial. The district court denied the petition but granted a certificate of appealability ("COA"). After obtaining an extension of time, Spring filed a notice of appeal ("NOA").

The timing of Spring's NOA raises a threshold jurisdictional question that we address *sua sponte*. *See Hernandez v. Thaler*, 630 F.3d 420, 424 & n.11 (5th Cir. 2011) (per curiam). A habeas proceeding is a civil action, so the "timely filing of [an NOA] is a jurisdictional prerequisite." *Id.* at 424 & n.13. Spring had thirty days from entry of the dismissal order on March 28, 2012, to file his NOA, *see* FED. R. APP. P. 4(a)(1)(A), so the NOA was due April 27, 2012, *see* FED. R. APP. P. 26 (a)(1)(A), (B).

Spring did not file an NOA within the thirty-day period. Instead, on May 31, 2012, he moved for an extension of time to file his NOA, claiming good cause and excusable neglect under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The problem for Spring, however, is that a Rule 4(a)(5) motion based on good cause or excusable neglect must be filed within thirty days of the expiration of the time to file an NOA. FED. R. APP. P. 4(a)(5)(A)(i). Because the period for filing an NOA expired on April 27, the motion for extension was due May 29 (excluding May 27 and 28, a Sunday and a federal holiday, respectively). *See* FED. R. APP. P. 26(a)(1)(A)-(C). The May 31 motion was untimely, and the district court's order granting the motion did not confer jurisdiction on this court. *See, e.g., In re MDL 262*, 799 F.2d 1076, 1078-79 (5th Cir. 1986) (holding that compliance with Rule 4(a)(5) is essential to appellate jurisdiction).

Moreover, Spring's motion for a COA, filed on April 1, 2012, cannot be deemed a timely NOA. Although a document filed within the notice period may be construed as an NOA, it must, among other things, clearly evince an intent to appeal. *See Bailey v. Cain*, 609 F.3d 763, 765-66 (5th Cir. 2010); *Page v. DeLaune*, 837 F.2d 233, 236-37 (5th Cir. 1988). Spring's COA motion stated, "In

an abundance of caution, and should Petitioner decide to seek appellate action within the time period provided under Federal Rule of Appellate Procedure 4(a), [a COA] is respectfully requested." That language does not clearly evince Spring's intent to appeal. In addition, neither the motion for COA nor the order granting it mentions good cause or excusable neglect; thus, the grant of a COA does not bear on timeliness. *See Mann v. Lynaugh*, 840 F.2d 1194, 1198-99 & n.4 (5th Cir. 1988).

Because Spring failed to file a timely NOA, we do not have jurisdiction. *See Hernandez*, 630 F.3d at 424 & n.11; *In re MDL 262*, 799 F.2d at 1078-79. The appeal, accordingly, is DISMISSED for want of appellate jurisdiction.