# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

No. 13-30943
Summary Calendar

KENDRELLE BROWN,

Petitioner-Appellant

v.

ROBERT C. TANNER, CCE, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1411

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kendrelle Brown, Louisiana prisoner # 526042, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his convictions and sentences for simple battery and armed robbery. The district court granted Brown a certificate of appealability.

The timing of Brown's notice of appeal (NOA) raises a threshold jurisdictional question that we address sua sponte. *See Hernandez v. Thaler*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30943

630 F.3d 420, 424 & n. 11 (5th Cir. 2011). A habeas proceeding is a civil action, so the "timely filing of a notice of appeal is a jurisdictional prerequisite." *Id.* at 424. Brown had 30 days from the entry of the judgment on July 1, 2013, to file his NOA, *see* FED. R. APP. P. 4(a)(1)(A), so the NOA was due July 31, 2013, *see* FED. R. APP. P. 26(a)(1)(A), (B).

Brown did not file an NOA within the 30-day period. Instead, on September 3, 2013, he filed an NOA and a motion for an extension of time to file his NOA, claiming good cause under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. The problem for Brown, however, is that a Rule 4(a)(5) motion based on good cause or excusable neglect must be filed within 30 days of the expiration of the time to file an NOA. FED. R. APP. P. 4(a)(5)(A)(i). Because the period for filing an NOA expired on July 31, the motion for extension was due August 30. *See* FED. R. APP. P. 26(a)(1). The September 3 motion was therefore untimely. *See*, *e.g.*, *In re MDL 262*, 799 F.2d 1076, 1078-79 (5th Cir.1986) (holding that compliance with Rule 4(a)(5) is essential to appellate jurisdiction).

Because Brown failed to file a timely NOA, we do not have jurisdiction. *See Hernandez*, 630 F.3d at 424 & n. 11; *In re MDL 262*, 799 F.2d at 1078-79. The appeal, accordingly, is DISMISSED for want of appellate jurisdiction.