# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2015

Lyle W. Cayce
Clerk

No. 14-60155
Summary Calendar

IFEYHEWEN BADIDI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 854 677

Before JOLLY, HIGGINBOTHAM, and HIGGINSON, Circuit Judges.

Stephen A. Higginson, Circuit Judge:[*]

Ifeyhewen Badidi petitions for review of a dismissal by the Board of Immigration Appeals (BIA) of his appeal of an order of removal and the denial of his motion for continuance. Badidi challenges the determination that he was removable based upon Immigration and Nationality Act (INA) § 237(a)(1)(D)(i) (8 U.S.C. § 1227(a)(1)(D)(i)), as an alien who had his permanent resident status on a conditional basis terminated. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60155

that the denial of his motion for continuance was an abuse of discretion by the BIA and Immigration Judge (IJ). The Respondent has filed a motion for dismissal for lack of jurisdiction—claiming the petition was untimely—and, alternatively, for summary denial.

The Respondent contends that this court lacks jurisdiction over this petition for review because it was not timely filed. A timely petition for review is a jurisdictional requirement. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). The BIA's final order is dated January 27, 2014. Badidi's petition was therefore due by February 26, 2014, *see* 8 U.S.C. § 1252(b)(1), but was received by this court on February 28, 2014. For petitioners such as Badidi who are detained at the time of filing, pleadings are considered "timely if deposited in the institution's internal mailing system on or before the last day for filing." FED. R. APP. P. 25(a)(2)(C); *Marmorato v. Holder*, 376 F. App'x 380, 382 n.1 (5th Cir. 2010) (applying the mailbox rule to filings by a detained alien). Because Badidi's petition was filed within two business days of the due date, this court will presume, pursuant to the prison mailbox rule, that the pleading was timely deposited in the prison mail system. *See, e.g., United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (presuming notice of appeal was timely mailed when received two days late); *Marmorato,* 376 F. App'x at 382 n.1.

Although we reject Respondent's argument that the petition was not timely filed, we lack jurisdiction to consider Badidi's claims regarding the determination that he is removable under INA § 237(a)(1)(D)(i) (8 U.S.C. § 1227(a)(1)(D)(i)). In this immigration proceeding, Badidi took two appeals to the BIA. In neither appeal did Badidi present to the BIA the arguments that he now presents to this court: (1) that improper procedures were followed when his conditional resident status was terminated; and (2) that the IJ did not

develop the record and adjudicate his I-751 petition to remove conditions on residence.  He therefore failed to administratively exhaust his challenge to the removal order and this court thus lacks jurisdiction to consider it.  *See* § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA.").

We reach the merits of Badidi's claim that the BIA erred in denying his request for a continuance pending the appeal of the denial of his I-130 petition. The BIA determined that the IJ had properly denied Badidi's continuance request, given that the United States Citizenship and Immigration Service had denied the I-130 petition.  This determination is in accord with the record, which indicates that the I-130 petition was denied due to numerous discrepancies in the couple's answers to questions designed to establish the authenticity of their marriage.  Badidi's conclusory assertions regarding this issue do not establish a likelihood of success in challenging USCIS's determination, or that the denial of a continuance was an abuse of discretion. *See, e.g., Ahmed v. Gonzales*, 447 F.3d 433, 438-39 n.3 (5th Cir. 2006); *Matter of Hashmi*, 24 I & N. Dec. 785, 790 (BIA 2009) (listing factors to be considered in assessing whether to grant a continuance due to a pending petition).

Badidi's petition for review is DISMISSED, in part, for lack of jurisdiction and DENIED, in part.  The Respondent's motion is DENIED.