# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

PIPER LAKAY ELLIS SNOWTON,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; ROBERT WILKIE, SECRETARY, U.S.
DEPARTMENT OF VETERANS AFFAIRS,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2900

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

This court must examine the basis of its jurisdiction, on its own motion,
if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000).
"Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure
4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-10547

of entry of judgment." *Renfro v. Bingham*, No. 18-40135, 2018 WL 3868749, at *1 (5th Cir. May 30, 2018) (per curiam). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

In this Federal Tort Claims Act case, the district court entered a final judgment dismissing the complaint on November 27, 2018. The pro se plaintiff thus had until December 27, 2018 to file a timely notice of appeal. The plaintiff did not file a notice of appeal within the thirty-day period. Instead, in a motion dated April 19, 2019, the plaintiff requested an extension of the deadline for filing an appeal.[1] The district court construed the motion as both a motion for extension of time and notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the deadline to file a notice of appeal if the plaintiff shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). As the district court noted, this deadline may not be extended, however, unless the motion for extension of time was filed within thirty days of the expiration of the time to appeal. Fed. R. App. P. 4(a)(5)(A)(i). Because the period for filing a notice of appeal expired on December 27, 2018, the plaintiff's motion requesting an extension was due by Monday, January 28, 2019. *See* Fed. R. App. P. 26(a)(1). The April 19 motion and notice of appeal were therefore untimely.

As the plaintiff failed to file a timely notice of appeal, we do not have jurisdiction. *See In re MDL 262*, 799 F.2d 1076, 1078 (5th Cir. 1986) ("Compliance with [Rule 4(a)(5)'s] requirement[s] is essential to confer appellate jurisdiction."). Accordingly, this appeal is:

DISMISSED.

---

[1] Although the motion is dated April 19, 2019, it was not docketed by the district court until April 29, 2019.