# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10880

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNEST HOWARD OWENS, JR., also known as "E",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-119
USDC No. 1:13-CR-34-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Ernest Howard Owens, Jr., federal prisoner # 46574-177, moves this court for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. Owens filed the § 2255 motion to challenge his 151-month sentence for possession with intent to distribute cocaine. Owens contends that the district court erroneously applied the career offender enhancement to his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10880

If necessary, we must examine the basis of our jurisdiction sua sponte. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A § 2255 proceeding is civil in nature, *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992), "and the timely filing of a notice of appeal is a jurisdictional prerequisite." *Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011) (footnotes omitted). The district court's judgment was entered on July 17, 2018. Therefore, Owens had 60 days, or until September 17, 2018, to file his notice of appeal. *See* FED. R. APP. P. 4(a)(1)(B)(i).

Owens did not file his notice of appeal within the 60-day period. Instead, on July 26, 2019, Owens moved for an extension of time to file a notice of appeal. A district court may grant a litigant an additional 30 days in which to file a notice of appeal upon a showing of excusable neglect or good cause if such a request is made within 30 days of the expiration of the original time to file a notice of appeal. FED. R. APP. P. 4(a)(5)(A). As the time for Owens to file a notice of appeal expired on September 17, 2018, the motion for extension was due on October 17, 2018. Owens's motion for extension was therefore untimely and any ruling on it by the district court was insufficient to perfect appellate jurisdiction. *See* FED. R. APP. 4(a)(5)(A)*; see also In re MDL 262*, 799 F.2d 1076, 1078-79 (5th Cir. 1986) (holding that compliance with Rule 4(a)(5) is essential to appellate jurisdiction).

Because Owens failed to file a timely notice of appeal, we do not have jurisdiction. *See Hernandez*, 630 F.3d at 424 & n. 11; *In re MDL 262*, 799 F.2d at 1078-79. The appeal, accordingly, is DISMISSED for want of appellate jurisdiction. Owens's motions for a COA and appointment of counsel are DENIED.